WINNIE PIPELINE V. HARRINGTON



NO. 07-04-0557-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 21, 2005



______________________________




IN THE INTEREST OF M. C. S., A CHILD


 

_________________________________



FROM THE 108th DISTRICT COURT OF POTTER COUNTY;



NO. 61,734-E; HON. ABE LOPEZ, PRESIDING



_______________________________



On Motion to Dismiss



_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Donald Dale Stemple, appellant, by and through his attorney, has filed a motion to
dismiss this appeal because the parties have fully compromised and settled all issues in
dispute and neither desire to pursue the appeal. Without passing on the merits of the case,
we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)
and dismiss the appeal. Having dismissed the appeal at appellant's request, no motion for
rehearing will be entertained, and our mandate will issue forthwith. 

 Brian Quinn

 Justice



l assault and five years imprisonment for the
indecency offenses. Appellant timely appealed the decision and received appointed
counsel. 

 Appellant's counsel moved to withdraw, after filing a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he
searched the record and found no arguable grounds for reversal. The record illustrates that
counsel notified appellant of his right to review the appellate record and file his own brief
or response. We also informed appellant that any response he cared to file had to be filed
by April 28, 2005. To date, appellant has neither filed a pro se response nor moved for an
extension of the April 28th deadline.

 The sole ground raised by counsel involved the legal and factual sufficiency of the
evidence. And, in addressing it, counsel explained why the evidence was sufficient to
satisfy both standards. We too reviewed the evidence of record and found it to be both
legally and factually sufficient to support the convictions. Our independent review of the
appellate record also failed to uncover any other type of arguably reversible error. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an
independent review). 

 Accordingly, we grant the motion to withdraw and affirm the judgment of the trial
court viz cause numbers B-15,450-0403 and B-15,449-0403, counts II and III. 

 


 Brian Quinn 

 Justice

 

Do not publish.